In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00003-CR

                                                ______________________________

 

 

                              ROCKY DWAYNE JENNINGS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 196th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 25714

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Rocky
Dwayne Jennings confessed to police that he was guilty of aggravated robbery
with a deadly weapon.[1]  His attorney filed a motion to suppress his
written and oral confession to the crime. 
Instead of ruling on the motion to suppress, the trial court carried the
motion with the case.  Jennings
subsequently, after full admonishments from the court, entered a nonnegotiated
plea of guilty to the offense in front of the jury.  The issue of punishment tried to a jury
resulted in assessment of thirty-two years’ incarceration in the Texas
Department of Criminal Justice–Institutional Division.  As his sole ground for appeal, Jennings
alleges the trial court erred in admitting his written and oral confessions
during the punishment phase because they were involuntary.  He does not challenge the voluntariness of
his plea of guilt.  

            Specifically,
Jennings claims he was intoxicated and his lack of signature on one page
rendered the initialed written confession involuntary.  The Texas Court of Criminal Appeals has held
that admission of guilt waives the right to challenge voluntariness of
confessions.  Lewis v. State, 911 S.W.2d 1, 4–5 (Tex.
Crim. App. 1995) (en banc); Simpson v.
State, 67 S.W.3d 327, 329–30 (Tex. App.––Texarkana 2001, no pet.).  In a concurring opinion written by Justice
Meyers in Fuller v. State, the
rationale for such a holding is explained:

[Appellant] claims that he did not voluntarily
waive his right to remain silent and his right to counsel because he was drunk
when the statement was taken and because he was not aware that his
brother-in-law, an attorney, had sent a fax directing officers not to interview
him.  However, by pleading guilty, he
waived the right to challenge on appeal the admission of his initial
confession.  His non-negotiated guilty
plea was the equivalent to him confessing to the jury.  While we are always concerned with the
voluntariness and accuracy of a confession, by pleading guilty, Appellant
confirmed the accuracy of his confession and the issue of voluntariness became
moot.  As such, he cannot now complain
that his confession to the police was admitted for the jury to consider during
the punishment phase.  

 

            The
situation would be different if there were a plea bargain agreement.  If his guilty plea was a result of a
negotiation between Appellant and the State, then it would be appropriate for
us to consider the voluntariness and admissibility of his confession to police.


 

253 S.W.3d 220, 235–36 (Tex.
Crim. App. 2008) (Meyers, J., concurring) (footnote omitted).  We find that Jennings has waived his sole
point of error on appeal.  It is
overruled.[2]  

            We
affirm the trial court’s judgment. 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July
19, 2010

Date Decided:             July
22, 2010

 

Do Not Publish

 











[1]Jennings
also appeals an additional conviction for aggravated robbery with a deadly
weapon and unlawful possession of a firearm in our cause number
06-10-00004-CR.  The ground for appeal in
the consolidated companion case is substantively resolved herein.  





[2]We
also point out that Jennings failed to brief the issue of harm.  There is no suggestion as to why admission of
the confessions during the punishment phase contributed to the conviction or
punishment or affected Jennings’s substantial rights.  See Tex. R. App. P. 44.2.